IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02528-PAB

In re Application of

RODRIGO PÉREZ PALLARES, an Ecuadorian citizen, and
RICARDO REIS VEIGA, an American citizen,

for an Order to Conduct Discovery for Use in Foreign
Proceedings.

_____

**ORDER**
_____

This matter is before the Court on the *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings ("Application") [Docket No. 1] filed by petitioners Rodrigo Pérez Pallares and Ricardo Reis Veiga on October 15, 2010. In the Application, petitioners seek discovery relating to evidence that may exculpate them in a criminal proceeding now pending against them in Ecuador. More specifically, petitioners request such evidence to present it at a hearing in Ecuador scheduled for November 10, 2010. *See* Application at 1, ¶ 1; Docket No. 4-34.

Section 1782(a) of Title 28 of the United States Code provides, in pertinent part, that the "district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." The threshold statutory requirements of Section 1782(a) are met when "(1) the person from whom discovery is sought resides (or is

found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (ellipses and internal quotation marks omitted). The Court finds that these threshold requirements have been met. Petitioners represent that all of the respondents reside or can be found in this district. Furthermore, petitioners have demonstrated that the requested discovery relates to an ongoing foreign proceeding. Finally, as defendants to that proceeding, petitioners are undoubtedly interested parties.

Meeting the statutory prerequisites, however, is not the end of the inquiry. The Court retains discretion over whether to permit the requested discovery. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260 (2004). In the exercise of that discretion, the Court notes that the people from whom and entity from which discovery is sought are not participants in the foreign proceeding. *See id.* at 264 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). Furthermore, the Court finds that the nature of the proceedings – a potential criminal prosecution – warrants granting the requested discovery. *See id.* ("[A] court . . . may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court . . . abroad to U.S. federal-court judicial assistance."). Additionally, there is no indication on the

present record that petitioners' request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265.

In light of the foregoing considerations and the impending November 10, 2010 preliminary hearing in Ecuador, the Court finds that granting the *ex parte* Application is appropriate. Moreover, the Court does not find that the requested discovery is "unduly intrusive or burdensome." *Id.* To the extent the respondents disagree or seek modification of the requirements, such can be the subject of appropriate motions. *See In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991) ("[S]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."); *see also In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir.1976). Accordingly, it is

**ORDERED** that petitioners' *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings [Docket No. 1] is GRANTED. Petitioners are granted leave to issue the subpoenas annexed to the Declaration of Paul E. Dans as Exhibit 26 [Docket No. 4-35].

DATED October 20, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge