IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02528-PAB-MEH

RODRIGO PEREZ PALLARES, and
RICARDO REIS VEIGA,

      Petitioners,

v.

STRATUS CONSULTING, INC.,
DOUGLAS BELTMAN,
ANN S. MAEST,
JENNIFER M.H. PEERS,
DAVID M. MILLS,
LAURA BELANGER, and
MICHAEL CARNEY,

      Respondents,

ECUADORIAN PLAINTIFFS,

      Interested Party.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Respondent Laura Belanger's Motion to Quash Subpoena [filed November 19, 2010; docket #43]. The matter is referred to this Court for disposition. (Docket #46.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **DENIES** the motion to quash.

In this matter, the District Court approved the issuance of a Section 1782 subpoena to Respondent Belanger. Through this and the other issued subpoenas, Petitioners hope to obtain discovery related to a document referred to as the Cabrera Report, which was produced to a civil court in Ecuador and discussed at length in an associated case before this Court, No. 10-cv-00047-

MSK-MEH.  Petitioners represent they must appear before a criminal court in Ecuador for a preliminary hearing on January 5, 2011.  (Docket #49 at 1-2.)  Petitioners state that the criminal charges they now face arise in part from the content of the Cabrera Report, which has since been alleged as fraudulently obtained and improperly presented to the Ecuadorian civil court.  (*Id*. at 2 (explaining that the Cabrera Report is cited in the criminal charging document).)  Specifically regarding Respondent Belanger, Petitioners state that through her capacity as a consultant for the plaintiffs in the Ecuadorian civil proceeding, Ms. Belanger created a database that was annexed to the Cabrera Report and subsequently referenced and incorporated into the criminal charging documents.  (*Id*. at 3.)  Thus, Petitioners seek documents related to the Report, as well as the Petitioners themselves, in order to prepare a defense for the January 5 preliminary hearing.

In the motion at hand, Respondent Belanger challenges the issued Section 1782 subpoena on the basis of relevance, as "she had never heard of Applicants or their pending criminal case until she was served with the subpoena in this action, nor had any involvement in the Ecuadorian Government's decision to prosecute them, or any communication with members of the Ecuadorian Government at all."  (Docket #43 at 3.)  Ms. Belanger identifies eleven of the sixteen requests as non-applicable to her role in the underlying civil litigation, namely, the requests related to the criminal cases, the individual Petitioners, meetings she did not attend, and communications specific to Stratus Consulting.  (*See id*. at 3-4 (referring to requests for production nos. 1-9, 15-16).)

Ms. Belanger asserts that the remaining five requests are a thinly veiled attempt to obtain documents actually intended to assist Chevron Corporation, the defendant in the Ecuadorian civil proceeding and the Petitioner in the associated case before this Court.  Ms. Belanger represents that she "has never had any contact with Cabrera or the Ecuadorian Government," and in any event, the requests are duplicative of those issued in the associated matter.  (*Id*. at 4.)  Ms. Belanger believes

2

that because the subpoena requests are irrelevant and cumulative, the subpoena should be quashed.

The Court disagrees. First, as to Ms. Belanger's argument that the requests are cumulative and duplicative, Petitioners concede that Ms. Belanger has no obligation to duplicate her production in the related matter, No. 10-cv-00047-MSK-MEH. (*See* docket #49 at 4 ("Belanger need not duplicate that production").) Second, as to Ms. Belanger's arguments of irrelevance and in her reply, privilege, the Court believes the five remaining categories of documents are indeed relevant to the production of the annexed database to the Cabrera Report, which provided the basis for the criminal charging documents Petitioners must address in Ecuador. As to her claim of privilege, Fed. R. Civ. P. 26(b) requires that a claim of privilege must be expressly made and adequately described. Here, Ms. Belanger brushes a broad stroke of privilege, offering only legal conclusions without any specificity as to which category of documents privilege or work-product protection would apply. The Court declines to preclude production on this minimal showing, particularly when not raised in the motion itself, limiting Petitioners' ability to respond.

Finally, the Court does not believe the requests are "vexatious" or that production would be unduly burdensome, given Ms. Belanger's repeated averments that she does not know the Petitioners, had no involvement with the criminal proceedings, engaged in no direct communication with the Ecuadorian government, and had very limited participation in the underlying Ecuadorian civil action. If this is so, Ms. Belanger's production should be fairly simple, as most of her responses to the requests would be that no discovery, at least in her possession, custody, and control, exists.

Accordingly, for the reasons stated above and the entire record herein, the Court DENIES Respondent Laura Belanger's Motion to Quash Subpoena [filed November 19, 2010; docket #43]. Ms. Belanger must produce any documents responsive to the Section 1782 subpoena, or in the

alternative, if no discovery exists, indicate so in her response, to Petitioners at or before the close of business on **January 3, 2011**. Ms. Belanger need not produce any documentation previously produced in Case No. 10-cv-00047-MSK-MEH.

SO ORDERED.

Dated at Denver, Colorado, this 28th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge